

U.S. Department of Justice

*United States Attorney's Office*
*District of Delaware*

---

*Nemours Building*  *(302) 573-6277*
*1007 Market Street, Suite 700*  *FAX (302) 573-6220*
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

March 9, 2006

**VIA ECF**

The Honorable Gregory M. Sleet
United States District Judge
U.S. Courthouse
844 King Street
Wilmington, Delaware 19801

    Re:   **United States v. Vallejo-Martinez**
           **Crim. A. No. 05-108-GMS**

Dear Judge Sleet:

    Counsel for the defendant has advised the government that the defendant intends to enter a change of plea pursuant to the enclosed memorandum of plea agreement. The Court has set a scheduling conference on March 27, 2006, at 10:00 a.m. in this case. The parties respectfully request that the conference be converted to a Rule 11 hearing. For the Court's convenience, a proposed order is attached.

                              Respectfully submitted,

                              COLM F. CONNOLLY
                              United States Attorney

                     BY: _____
                              Adam Safwat
                              Assistant United States Attorney

Enclosures

cc:  Eleni Kousoulis, Esq.
      The Clerk of the Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Criminal Action No. 05-108-GMS |
| | ) | |
| ANDRES VALLEJO-MARTINEZ, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

WHEREAS, a scheduling conference is set for March 27, 2006, at 10:00 a.m. in the above captioned-case;

WHEREAS, the parties have advised the Court that the defendant intends to enter a change of plea and have submitted an agreed to memorandum of plea;

IT IS HEREBY ORDERED that:

1. A hearing pursuant to Federal Rule of Criminal Procedure 11 shall be held at the time previously set aside for the scheduling conference.

2. The time between the date of this Order and March 27, 2006, shall be excludable under the Speedy Trial Act in the interests of justice (18 U.S.C. §3161 *et seq.*).


Date: March _____, 2006               _____
                                      THE HONORABLE GREGORY M. SLEET
                                      UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 05-108-GMS |
| | ) |
| ANDRES VALLEJO-MARTINEZ, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Adam Safwat, Assistant United States Attorney, and Eleni Kousoulis, Esquire, attorney for the defendant, ANDRES VALLEJO-MARTINEZ, the following agreement is hereby entered into by the respective parties:

1. The defendant agrees to enter a guilty plea to the one count indictment charging Reentry After Deportation by an Aggravated Felon, a violation of Title 8, United States Code, Section 1326(a) and (b)(2), which carries a maximum penalty of twenty years incarceration, a $250,000 fine, three years supervised release, and a $100 special assessment.

2. The elements of the offense of Reentry After Deportation by an Aggravated Felon, each of which the government would have to prove beyond a reasonable doubt at trial, are: (i) the defendant is an alien; (ii) the defendant was deported from the United States; (iii) after deportation, the defendant was found in the United States; and (iv) the defendant returned to the

United States without the permission of either the Attorney General of the United States or the Undersecretary for Border and Transportation Security, Department of Homeland Security.

3. The defendant knowingly, voluntarily and intelligently admits that he is a native and citizen of Mexico, that he was deported from the United States on January 29, 2003, and that he re-entered the United States in or around June 2005, without inspection by a U.S. Immigration Officer. The defendant further admits that prior to his re-entry into the United States, he had not applied for permission to re-enter from U.S. immigration authorities. The defendant further admits that on September 17, 2002, in Delaware Superior Court, New Castle County, he was convicted of unlawful sexual contact in the third degree with a minor, in violation of Title 11, Delaware Code, Section 767.

4. The United States will recommend a three-level reduction in the offense level for the charge above for the defendant's affirmative acceptance of responsibility under Sentencing Guideline § 3E1.1. The United States makes this recommendation because the defendant has timely notified authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

5. The defendant understands that at sentencing, the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to Title 18, United States Code, Section 3553(a). The defendant further understands that the Government will likely recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant recognizes that the final determination of the defendant's sentence will be made by the Court.

The defendant further understands that the Court is not bound by any stipulations or recommendations of the parties. The defendant agrees that he will not be allowed to withdraw his guilty plea because the Court calculates the guidelines differently than he expects, or imposes a sentence greater than what he expects, or imposes a sentence contrary to any stipulation of the parties or recommendation of his attorney.

6. The defendant agrees to the special assessment of $100 at the time of sentencing.

7. If the Court sentences the defendant to a term of incarceration and orders the payment of any special assessment or fine as part of the defendant's sentence, the defendant agrees voluntarily to enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

8. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. However, if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits he expects from any such stipulation or recommendation, the defendant may not withdraw his guilty plea.

9. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this

memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever unless committed to writing in the manner so provided in this paragraph.

                                            COLM F. CONNOLLY
                                            United States Attorney

_____    BY:  _____
Eleni Kousoulis, Esquire                     Adam Safwat
Attorney for Defendant,                    Assistant United States Attorney
Andres Vallejo-Martinez

_____
Andres Vallejo-Martinez
Defendant

Dated:

                                            \* \* \*

**AND NOW** this _____ day of _____, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

                                            _____
                                            THE HONORABLE GREGORY M. SLEET
                                            UNITED STATES DISTRICT JUDGE