# FEDERAL PUBLIC DEFENDER
# DISTRICT OF DELAWARE

704 King Street, Suite 110
Wilmington, Delaware 19801
Phone (302) 573-6010
FAX (302) 573-6041
www.fpdde.org

**Edson A. Bostic**
Acting Federal Public Defender

**Eleni Kousoulis**
**Christopher S. Koyste**
Assistant Federal Public Defenders

**Moira McGuire Kulik**
Research and Writing Specialist

November 28, 2006

Honorable Gregory M. Sleet
United States District Court
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE   19801

      Re:   United States v. Andres Vallejo-Martinez
            Criminal Action No. 05-108-GMS

Dear Honorable Judge Sleet,

    On November 16, 2006, Your Honor continued the sentencing hearing in the above-referenced matter to allow the parties the opportunity to address whether or not the Court, in determining Mr. Vallejo-Martinez' sentence, may consider the facts underlying his 2002 conviction for unlawful sexual contact in the third degree, in violation of 11 Del. C. § 767, when those facts were neither set forth in the indictment, nor admitted by Mr. Vallejo-Martinez.  You also asked the parties to address the potential effect of the U.S. Supreme Court's decisions in Shepard v. United States, 544 U.S. 13 (2005), and Taylor v. United States, 495 U.S. 575 (1990), on this analysis.

    The parties agree that Mr. Vallejo-Martinez' conviction for unlawful sexual contact in the third degree is not an aggravated felony under the Guidelines, and that this Court cannot enhance Mr. Vallejo-Martinez' sentence on that basis.  See Singh v. Ashcroft, 383 F.3d 144 (3d Cir. 2004).  The parties also agree that Shepard applies to the Guidelines.  Shepard restricts "the sources [of evidence] that a judge can consider . . . in making [a] finding."  United States v. Greer, 440 F.3d at 1267, 1275 (2006).  Under Shepard, a court may consider the facts of the crime of which the defendant was convicted, but is limited to examining "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."  Shepard, 544 U.S. 13, 16 (2005).  The Shepard Court specifically noted that a sentencing court may not look beyond those judicially reliable documents to a police report or complaint application in order to determine the facts underlying a prior conviction.  See id.

Therefore, in calculating a Guidelines sentence for Mr. Vallejo-Martinez, the Court may not consider the underlying circumstances of his prior convictions if they were not detailed in the indictment, admitted by Mr. Vallejo-Martinez, or included in his plea agreement.

The parties are in disagreement on the applicability of Shepard to the scope of this Court's factual inquiry into Mr. Vallejo-Martinez' prior offense under 18 U.S.C. § 3553(a). The defense recognizes the Court's discretion to consider a variety of different factors under § 3553(a), given the Supreme Court's reasoning in Shepard and Taylor. However, the defense respectfully requests that the Court take a cautionary approach when considering facts found in documents to which Shepard would not permit it to look in calculating Mr. Vallejo-Martinez' guideline sentence. The Shepard Court expressed a strong preference for judicial documents and records in factfinding at sentencing, explaining that the examination of other records would expose a criminal defendant to "disputed finding[s] of fact about what the defendant and state judge must have understood as the factual basis of the prior [conviction]." See Shepard, 544 U.S. at 25. In voicing these concerns, the Court seemed to focus on the reliability of judicial documents and records as the basis for its holding.

Although the Shepard Court never explicitly stated that its holding applied to factfinding under both the Guidelines and the § 3553(a) factors, the same desire for reliable factfinding motivates Mr. Vallejo-Martinez' suggestion that this Court restrict its inquiry in his case to those documents of which the Shepard Court approved. While the police report from Mr. Vallejo-Martinez' prior offense alleges that the victims involved were minors, the State of Delaware chose to remove that information from the indictment, and although it charged Mr. Vallejo-Martinez with a second-degree offense, it accepted a plea to the third-degree offense, for which a finding of the victim's age is unnecessary. The defense respectfully suggests that this Court rely on the state's clear identification of those facts it found significant in its prosecution of Mr. Vallejo-Martinez, which clearly formed the basis for his conviction, rather than the information that the police recorded in their initial investigation of the offense.

The Court should also be mindful of the "practical difficulties and potential unfairness of a factual approach," in which the court engages in a factfinding inquiry into a defendant's prior conviction during the sentencing phase on a new, unrelated conviction. See Taylor, 495 U.S. at 601 (adopting a formal categorical approach in determining facts of a defendant's prior convictions). The Taylor Court considered the practice of enhancing a defendant's sentence on the basis of facts of an original charge, when a defendant pleads guilty to a lesser included charge, ultimately concluding that it was unfair. Id. at 601-602. Later, in Shepard, the Court explained that its conclusion in Taylor had been motivated by "respect for congressional intent and avoidance of collateral trials." Shepard, 544 U.S. at 23. In Mr. Vallejo-Martinez' case, as in Taylor, it would be unfair to increase his sentence based on facts necessary for a finding of guilt on second-degree unlawful sexual contact but not necessary for a finding of guilt on third-degree unlawful sexual contact, when Mr. Vallejo-Martinez was only convicted on the third-degree charge. It would also effectively expose him to a retrial for his prior offense, which the Shepard Court identified as one of the faults of the "factual approach" to sentencing.

Finally, in United States v. Ibanga, 2006 WL 2838893 (E.D. Va. October 5, 2006), the district court stated that Booker prohibits the inclusion of acquitted conduct in the guideline calculation. The Ibanga court rejected the Guidelines requirement that a judge include acquitted conduct in the guideline calculation that he finds by a preponderance of the evidence, deeming it inconsistent with the statutory goals that guide sentencing under Booker. It also noted that the consideration of acquitted conduct in sentencing is "corrosive of our system of government" and contrary to the purposes of the Sixth Amendment guarantee to a jury trial. Id at *7.

In Mr. Vallejo-Martinez' case, although he was not "acquitted" of unlawful sexual contact in the second degree – an offense of which the age of the victim is an element – the district court's reasoning in Ibanga should be applied to the case at bar. As explained, the age of the victims was not a factor in Mr. Vallejo-Martinez' prior conviction and should not be considered by this Court in fashioning a sentence. The prosecuting attorney in the Delaware case may have offered Mr. Vallejo-Martinez a plea to the third-degree offense, rather than the second-degree offense, for a variety of reasons. Perhaps the government anticipated a proof problem, or a problem with its witnesses, and decided to offer a plea to a lesser offense in order to avoid losing the entire case. While this is somewhat speculative, that is exactly the point. Without knowing the circumstances under which the plea in that case came about, it would be unfair for this Court to find additional facts that did not play a role in Mr. Vallejo-Martinez' prior conviction and to increase his sentence based on those facts.

Should this Court find that, notwithstanding Mr. Vallejo-Martinez' arguments, it may properly consider the ages of the victims in his prior offense under § 3553(a), the defense submits that the Court should not sentence him above the advisory guideline range on the basis of those facts. The case involving his unlawful sexual contact conviction was an isolated incident, and Mr. Vallejo-Martinez has no other history of similar behavior.

Additionally, a sentence within the guideline range in this case is "sufficient, but not greater than necessary, to comply" with the purposes of sentencing, as § 3553(a) requires. In imposing a sentence in accordance with that directive, the Court must consider the circumstances of the offense, the history and characteristics of the defendant, the Guidelines, and the need for deterrence, protection of the public, and rehabilitative or corrective treatment. 18 U.S.C. § 3553(a). Mr. Vallejo-Martinez presents several factors that weigh in favor of a sentence within the advisory guideline range.

First, with regard to the circumstances of the present offense, the Court should note that Mr. Vallejo-Martinez returned to the United States because his young daughter lives here. He feels a sense of responsibility toward his daughter, and he entered the country because he wanted to be a part of her life. He also came to this country to work, seeking a better living than he could earn in Mexico, and has worked to build churches and schools in an effort to help improve this country. Elizar Vallejo, Mr. Vallejo-Martinez' sister, describes him as a good person and father and a very hard worker. Mr. Vallejo-Martinez understands that he was wrong to re-enter this country without obtaining the appropriate authorization, but his reasons for doing so were honorable. He has accepted full responsibility for his conduct in this case. He realizes that he will again be deported,

and understands that he cannot return to the United States without permission in the future.

In terms of rehabilitation, Mr. Vallejo-Martinez has taken steps on his own to improve himself. Recognizing that he has a problem with alcohol, he has voluntarily participated in Alcoholics Anonymous classes while incarcerated at Salem County Correctional Facility since March 1, 2006. He was also a productive member of society before his incarceration, contributing to his community through steady employment. As Mr. Vallejo-Martinez has demonstrated his amenability to self-improvement, a sentence within the advisory guideline range would easily accomplish the goal of helping him to continue that process.

While Mr. Vallejo-Martinez understands that his reasons for returning to the United States do not excuse his behavior, he offers them as an explanation for his decision to return without permission when he knew it was wrong to do so. Mr. Vallejo-Martinez has been made aware of the serious consequences he will face if he should enter the United States again, and he wants to assure the Court that he will never again return without permission. Since coming back to the United States, Mr. Vallejo-Martinez has had another child. Although the separation from his children will be difficult, Mr. Vallejo-Martinez is mindful that this is part of the punishment he must face.

As far as this Court's consideration of Mr. Vallejo-Martinez' characteristics and background is concerned, "[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." Koon v. U.S., 518 U.S. 81, 113 (1996). In imposing a sentence on Mr. Vallejo-Martinez that is sufficient, but not greater than necessary, to achieve the goals of sentencing, the defense respectfully requests that this Court consider all of the § 3553(a) factors when imposing sentence in this case. A sentence within the advisory guideline range, for the reasons previously stated, is sufficient to achieve the goals of sentencing.

Thank you for Your Honor's consideration of the foregoing.

        Respectfully submitted,

        __/s/_____
        Eleni Kousoulis, Esq.
        Assistant Federal Public Defender
        Attorney for Andres Vallejo-Martinez

cc: Edmond Falgowski, AUSA
   Walter Matthews, USPO