

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

*Nemours Building*  
*1007 Orange Street, Suite 700*  
*P.O. Box 2046*  
*Wilmington, Delaware 19899-2046*

*(302) 573-6277*  
*FAX (302) 573-6220*

December 13, 2006

Honorable Gregory M. Sleet  
United States District Court  
J. Caleb Boggs Federal Building  
844 King Street  
Wilmington, Delaware 19801

Re: **United States v. Andres Vallejo-Martinez**
    **Criminal Action No. 05-108-GMS**

Dear Judge Sleet:

After calculating the defendant's Guidelines range, the Court may consider, without limitation, the facts underlying the defendant's two unlawful sexual contact convictions.

Statutory support is found in Section 3661:

> No limitations shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

18 U.S.C. § 3661.

Support also appears in the Guidelines:

> In determining the sentence to impose within the Guidelines range, or whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character, and conduct of the defendant, unless otherwise prohibited by law.

U.S.S.G. § 1B1.4.

The rationale for the sentencing court to conduct a broad inquiry is aptly stated in *United States v. Gerstein*, 104 F.3d 973 (7th Cir. 1997):

> The sentencing stage of a trial is one of the most important parts of the criminal process. In order for a judge to be well advised of the facts surrounding the defendant's background and particularly in view of the judge's obligation to the general public, as well as to the defendant, to be fair, reasonable, and just, it is imperative that he be allowed to draw upon the wealth of information concerning the defendant's background, from his date of birth up to and including the moment of sentencing. . . .

*Id.* at 978.

Given the attention that a sentencing judge should give to a defendant's background, it would be incongruous for the Court to totally ignore the facts underlying prior convictions. It is the defendant's burden to establish that the Court is not authorized to do so.

The Third Circuit has interpreted *Booker* to require that sentencing courts follow three steps:

> (1) Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before *Booker*.
>
> (2) In doing so, they must formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation and take into account our Circuit's pre-*Booker* case law, which continues to have advisory force.
>
> (3) Finally, they are required to exercise their discretion by considering the relevant § 3553(a) factors in setting the sentence they impose regardless whether it varies from the sentence calculated under the Guidelines.

*United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006) (internal citations and quotations marks omitted).

### *Step 1 - Calculating a Defendant's Guideline Range*

In *Taylor v. United States*, 495 U.S. 575 (1990), the Supreme Court ruled that for purposes of determining whether a prior conviction qualified as a predicate offense under the Armed Career Criminal Act, the sentencing court was limited to an examination of the charging document. In *Shepard v. United States*, 544 U.S. 13 (2005), the Supreme Court clarified *Taylor*, holding that the

sentencing court also could rely on the plea agreement, transcript of plea colloquy, and any explicit factual finding made by the judge to which the defendant assented.

Both *Shepard* and *Taylor* dealt with a statutory sentencing enhancement, not the post-*Booker* advisory Guidelines. However, in *United States v. Aguilar-Ortiz*, 450 F.3d 1271, the Eleventh Circuit rendered the categorical approach of *Taylor* and *Shepard* applicable to the calculation of the Guidelines where the offense level is enhanced by a prior conviction. The Eleventh Circuit wrote:

> We see no meaningful distinction between the level of reliability in an analysis of a fact of a prior conviction for purposes of the ACCA and for purpose of the sentencing guidelines, as both require the same or similar factual analysis and raise similar concerns of reliability. We note that our sister circuits have applied *Shepard* to the Sentencing Guidelines notwithstanding their advisory nature after *Booker*. *See United States v. Gutierrez-Ramirez*, 405 F.3d 352 (5th Cir. 2005) (holding that *Shepard's* discussion should be used to determine whether a prior conviction is a "drug trafficking offense" under § 2L1.2 of the Sentencing Guidelines); *see also United States v. Galloway*, 439 F.3d 320, 323-24 (6th Cir. 2006) ("While *Shepard* involves the definition of a violent felony under the ACCA, we conclude that *Shepard's* holding is fully applicable to Sentencing Guideline cases that require a court to determine the nature of a prior conviction when the defendant has a prior conviction under a generic statute that may or may not serve as a predicate for a sentencing enhancement."); *United States v. Kendrick*, 423 F.3d 803, 808-09 (8th Cir. 2005); *United States v. Lewis*, 405 F.3d 511, 513-15 (7th Cir. 2005); *United States v. Delaney*, 427 F.3d 1224, 1226 (9th Cir. 2005); *United States v. Washington*, 157 Fed. Appx. 43 (10th Cir. 2005); *United States v. Estevez*, 419 F.3d 77 (1s Cir. 2005); *United States v. Washington*, 404 F.3d 834, 841 (4th Cir. 2005) (applying *Shepard* to the guidelines based on the Sixth Amendment).

*Id.* at 1274.

Although a fact base inquiry is forbidden by a categorical approach in calculating the defendant's Guidelines range, the underlying circumstances of his two unlawful sexual contact convictions are properly considered by the Court in completing the referenced second and third sentencing steps.

### *Step 2 - Ruling on Departures*

Neither *Taylor* nor *Shepherd* has operated as a constraint against a sentencing court's consideration of the underlying facts behind a prior conviction where a downward departure is sought by the defendant claiming that his criminal history category overrepresents the seriousness

Honorable Gregory M. Sleet
December 13, 2006
Page 4

Re:   Andres Vallejo-Martinez

---

of his past crimes. In *United States v. Mishoe*, 241 F.3d 214, 219 (2nd Cir. 2001), the Second Circuit considered an appeal in which the district court denied a defendant's departure motion which claimed that his criminal history score over-represented the seriousness of his criminal history or the likelihood that he would commit further crimes. The Second Circuit vacated the sentence and remanded for resentencing to permit the district court to more fully consider the defendant's criminal history, specifically, "the amount of drugs involved in [the defendant's] prior offenses [and] his role in those offenses." *Id.* at 219. Neither *Taylor* nor *Shepard* was invoked to preclude such a review.

In *United States v. Cooper*, 437 F.3d 324 (3d Cir. 2006), the Third Circuit affirmed the district court's refusal to grant Cooper's criminal history departure motion. Cooper pled guilty to conspiracy to distribute cocaine base. She had two prior drug trafficking convictions which qualified her for sentencing as a career offender at a guideline range of 151 - 181 months incarceration. Cooper did not challenge her status as a career offender, but sought a downward departure citing the relatively low amount of cocaine involved in her prior convictions, .39 grams and 22 packets.   *Id.* at 325. Presumably, these specific amounts of cocaine was information beyond that permitted by *Shepard*. Again, neither *Taylor* nor *Shepard* was invoked.

### *Step 3 - The Section 3553(a) Factors*

In *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006), the Third Circuit established the contours of the district court's responsibilities at sentencing, directing the district court to exercise its discretion by considering the relevant factors under Section 3553(a).[1]

---

[1] Section 3553(a) reads in relevant part, as follows:

(1)   the nature and circumstances of the offense and the history and characteristics of the defendant;
(2)   the need for the sentence imposed –
   (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (B)   to afford adequate deterrence to criminal conduct;
   (C)   to protect the public from further crimes of the defendant; and
   (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3)   the kinds of sentences available;
(4)   the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [and] . . .

(continued...)

---

In *United States v. King*, 454 F.3d 187 (3d Cir. 2006), the Third Circuit affirmed the District Court for the Eastern District of Pennsylvania where it effectively followed *Gunter* and also examined the facts underlying prior convictions. After calculating King to have a Guideline range of 30 - 37 months imprisonment, the district court sentenced him to 72 months imprisonment for bank fraud. This was a Guideline variance imposed, in part, due to the specific nature of King's prior convictions, that is, King repeatedly victimized the same person. The Third Circuit wrote: "King's criminal history is an aspect of his 'history and characteristics.' § 3553(a)(1)."

While neither *Cooper* nor *King* addressed *Shepard*, in an unpublished decision the Seventh Circuit found *Shepard* to be inapplicable on the same issue before this Court. In *United States v. Davis*, 175 Fed. App. X. 768 (7th Cir. 2006), Davis was convicted of possession of a firearm by a felon. In sentencing the defendant to 120 months imprisonment, the court enhanced Davis' Guidelines base offense level, finding that his prior conviction for robbery constituted a "crime of violence." In making that finding the district court cited a police report which stated that Davis threatened to kill an 11 year old child during the armed robbery. Davis appealed the court's sentence, arguing that it was a violation of *Shepard* for the court to consider the police report in sentencing him. The Seventh Circuit found no error, where the court had already determined the appropriate Guidelines range, the statutory maximum under the advisory regime remained unchanged, and the defendant did not challenge the police report's accuracy. The Seventh Circuit ruled that although the sentencing court could not use the affidavits to determine the Guidelines range, the affidavit could be used to otherwise guide the court's discretion.

## Conclusion

There is no dispute that the defendant was convicted in 2002 of two counts of unlawful sexual contact third degree, violations of 11 Del. C. §767. The defendant pled guilty to a lesser included offense; the original charges specified the two victims both were less than 16 years of age. Further, the defendant does not dispute that the victims of his two relevant convictions were minors. Paragraph 38 of the Presentence Report describes the two victims as the seven and ten year old daughters of a woman with whom he was cohabitating.

In calculating the defendant's sentencing guideline score, before any departure considerations, the Court may not consider those facts absent from the charging instrument, the written plea agreement, and the Court's colloquy. However, in determining a reasonable sentence under

---

[1](...continued)
   (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . .

Honorable Gregory M. Sleet
December 13, 2006
Page 6

Re:   Andres Vallejo-Martinez

---

18 U.S.C. § 3553(a), the Court may consider all reliable facts underlying the defendant's prior convictions.

                              Respectfully submitted,

                              COLM F. CONNOLLY
                              United States Attorney

                              By: _____
                              Edmond Falgowski
                              Assistant United States Attorney

pc: Eleni Kousoulis, Esquire

EF:slb