# FEDERAL PUBLIC DEFENDER
## DISTRICT OF DELAWARE

704 King Street, Suite 110
Wilmington, Delaware 19801
Phone (302) 573-6010
FAX (302) 573-6041
www.fpdde.org

**Edson A. Bostic**
Acting Federal Public Defender

**Eleni Kousoulis**
**Christopher S. Koyste**
Assistant Federal Public Defenders

**Moira McGuire Kulik**
Research and Writing Specialist

December 27, 2006

Honorable Gregory M. Sleet
United States District Court
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE   19801

Re:    **United States v. Andres Vallejo-Martinez**
       **Criminal Action No. 05-108-GMS**

Dear Honorable Judge Sleet,

This letter is presented in response to the government's letter dated December 13, 2006 in regard to the above-referenced case.  In its letter, the government offers several arguments in support of its contention that this Court is permitted to consider the underlying facts in Mr. Vallejo-Martinez' prior offenses, which were not part of the plea colloquy or assented to by him, in determining his sentence in this case.  The government fails to consider the reasoning behind the Supreme Court's decision in United States v. Shepard, 544 U.S. 13 (2005), restricting the information and documents that a sentencing court may consult in calculating a defendant's guideline sentencing range.  The same concerns about the reliability of the information used to determine the length of a defendant's prison sentence that motivated the Shepard holding should drive this Court's inquiry in the present case.

The government cites United States v. Gerstein, 104 F.3d 973 (7th Cir. 1997), in support of its argument that this Court may consider, without limitation, the facts underlying Mr. Vallejo-Martinez's two convictions for unlawful sexual contact.  However, Gerstein was decided without the benefit of the Supreme Court's ruling in Shepard.  Furthermore, although the court in Gerstein recognized that a sentencing court may conduct a broad inquiry into the background, character, and conduct of the defendant, it also recognized that the information on which a sentencing court relies must have "sufficient indicia of reliability to support its probable accuracy." Gerstein, 104 F.3d at

978. Police reports and other non-judicial documents do not have the inherent indicia of reliability on which the <u>Shepard</u> Court focused when it restricted sentencing courts to the "conclusive records made or used in adjudicating guilt," <u>see</u> <u>Shepard</u>, 544 U.S. at 21, such as indictments and plea colloquies. In fact, the <u>Shepard</u> Court specifically noted that police reports and complaint applications are not judicially reliable documents. <u>Id.</u> at 16.

Contrary to the government's contention, Mr. Vallejo-Martinez is not asking the Court to "totally ignore" the facts underlying his prior convictions. <u>See</u> Govt. letter at 2. Mr. Vallejo-Martinez simply argues that this Court should limit its inquiry to the documents approved in <u>Shepard</u>, and take a cautionary approach when considering facts found in documents to which <u>Shepard</u> would not permit the court to look in calculating Mr. Vallejo-Martinez' guideline range.

The government goes on to argue that "the underlying circumstances of [Mr. Vallejo-Martinez'] two unlawful sexual contact convictions are properly considered by the Court in completing the [] second and third sentencing steps" as outlined in <u>United States v. Gunter</u>, 462 F.3d 237 (3d Cir. 2006). <u>See</u> Govt. at 3. However, if the underlying facts of these prior convictions may not properly be considered under the first step, the calculation of the defendant's Guidelines sentence, then it does not follow that these facts can be considered under the second and third steps. The consideration of those facts under the second or third step does not render them any more reliable; rather, it renders <u>Shepard</u> completely meaningless. It would allow this Court to extend Mr. Vallejo-Martinez' prison sentence on the basis of the facts recorded in a police report during a criminal investigation, which were never proven to a judge or a jury at any level of proof, beyond a reasonable doubt or otherwise.

The government also cites <u>United States v. King</u>, 454 F.3d 187 (3d Cir. 2006), and <u>United States v. Davis</u>, 175 Fed. Appx. 768 (7th Cir. 2006), in support of its position that this Court can properly consider the facts underlying Mr. Vallejo-Martinez' prior convictions in determining his sentence. However, these cases are distinguishable. <u>Davis</u> is an unpublished opinion from a different circuit with no precedential value. In <u>King</u>, although the court did examine the facts underlying the defendant's prior convictions in determining his sentence, these facts were not taken from police reports or criminal complaints, as they would be in Mr. Vallejo-Martinez' case. Instead, the facts were established through the victim's testimony at the sentencing hearing. <u>See</u> <u>King</u>, 454 F.3d at 190-191. The district court's reliance on those facts in fashioning a sentence in <u>King</u> clearly comports with <u>Shepard</u>. The <u>Shepard</u> Court authorized sentencing courts to rely on such sources as indictments and plea colloquies because the judicial process produces factually reliable information about offenders and offenses. A victim's testimony in a courtroom under oath inherently possesses the same indicia of reliability. A police report, like the one on which the government relies in this case, does not.

For all of the reasons previously outlined in defense counsel's November 28, 2006 letter, previously submitted to this Court, the defense argues that this Court should limit its inquiry in this case to the documents approved in <u>Shepard</u>. Should the Court nevertheless determine that it may properly consider the underlying facts of Mr. Vallejo-Martinez' prior convictions, the defense respectfully submits that those facts do not warrant an increase in Mr. Vallejo-Martinez' sentence,

as previously explained in the November 28 letter.

Respectfully submitted,

/s/ _____

Eleni Kousoulis, Esq.
Assistant Federal Public Defender
Attorney for Defendant Andres Vallejo-Martinez

cc:     Edmond Falgowski, AUSA
        Walter Matthews, USPO